No. 82-328

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

IN THE MATTER OF THE ESTATE OF
CHARLES DeTIENNE, Deceased.

_____

Appeal from:   District Court of the Fifteenth Judicial District,
               In and for the County of Roosevelt
               Honorable M. James Sorte, Judge presiding.

Counsel of Record:

        For Appellant:

            Garden, McCann & Schuster, Wolf Point, Montana
            Gerard M. Schuster, Wolf Point, Montana

        For Respondent:

            McIntee & Whisenand, Williston, North Dakota

_____

                            Submitted on briefs: December 9, 1982

                                       Decided:  January 20, 1983

Filed:    JAN 20 1983

_____
                                  Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Petitioners/appellants filed a petition for an order of distribution in intestacy nunc pro tunc in the District Court of the Fifteenth Judicial District in and for the County of Roosevelt. The petition was heard on June 14, 1982, and on July 8, 1982, the District Court ordered the petition be denied. Petitioners appeal.

Elvina predeceased her father, Charles DeTienne who died intestate in 1945. Charles DeTienne's estate, comprised of the family farm, was distributed to the six surviving DeTienne children. Neither Elvina nor her heirs were mentioned in the intestacy proceedings. Shortly after the estate was settled, Young DeTienne purchased the interests of the remaining DeTienne children at a public auction. Young DeTienne sold a small portion of the farm land in 1945 and worked the rest of the land until he retired. Upon his retirement he sold the farm land to his three children.

On March 11, 1982, Elvina Brenden's heirs petitioned the District Court for order of distribution in intestacy nunc pro tunc. Petitioners claim the decree of distribution of Charles DeTienne's estate "mistakenly excludes the heirs of Elvina DeTienne Brenden's beneficiaries of said estate," and that the mistake was discovered July 7, 1981. The District Court denied the petition. Petitioners appeal.

The substance of the issues raised on appeal is whether the District Court erred in denying the petition for an order of distribution in intestacy nunc pro tunc.

The statute in effect at the time of the distribution was section 91-3516, R.C.M. 1947. The section states:

> ". . . the court may, upon motion of any party interested, or upon its own motion, within sixty days after the rendition of the decree in cases of inadvertence, or within sixty days after the discovery of the facts constituting the fraud, reopen or set aside any decree of any settlement on the grounds of inadvertence or fraud." (Emphasis supplied.)

Here, petitioners have claimed the distribution of Charles DeTienne's estate, "mistakenly excludes the heirs of Elvina DeTienne." To rest upon a claim of mistake, a petition must be filed within sixty days after the rendition of the decree to comply with the effective statute, section 91-3516, R.C.M. 1947. Here, the decree was entered in 1945 while the petition was filed in 1981, nearly thirty-six years beyond the statutory time limit. The District Court correctly denied the petition.

Petitioners have suggested fraud in their appellate brief yet fraud was not alleged specifically in their petition as required by Rule 9(b), M.R.Civ.P. We note, however, that any allegation of fraud was required to be brought before the District Court within sixty days of discovery of the facts of the fraud as provided in section 91-3516, R.C.M. 1947. Here, petitioners state the mistake was discovered July 7, 1981, yet the petition was not filed until March 11, 1982. Even if there was mistake which could constitute fraud, the petition was not timely filed.

Judgment is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

- 3 -